### BALL v. ELLIOTT.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

PAYMENT (§ 67*)—PRESUMPTIONS—PAYMENT BY CHECK.

Where a person individually indebted to another delivered to him checks signed by the debtor as executor of an estate, no presumption of payment of his individual debt arose therefrom, whatever presumption might have arisen, had he given his individual checks under the same circumstances.

[Ed. Note.—For other cases, see Payment, Cent. Dig. §§ 162, 189–194, 198; Dec. Dig. § 67.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Barclay Ball against Sarah E. Elliott, as administratrix of William J. Elliott, deceased. From a judgment for defendant, after a trial before the court without a jury, plaintiff appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Hirschman & Drucker, of New York City (Edward W. Drucker, of New York City, of counsel), for appellant.

Bennett E. Siegelstein, of New York City, for respondent.

BIJUR, J. Plaintiff's assignors were proprietors of a hotel, from whom defendant's decedent had purchased articles and borrowed money in the aggregate of $281.95, for which this action is brought. The answer, in addition to general denials, sets up as a defense and counterclaim the payment by decedent, on the same day on which the foregoing indebtedness was incurred, of over $500.

After plaintiff had proved his case, the defendant merely put in evidence two checks, aggregating $500, to the order of plaintiff's assignors, and indorsed by them, but signed by defendant's decedent *as executor of a named estate.* Whatever presumption of fact might have arisen from the giving of his individual checks by defendant's decedent under the circumstances (see 30 Cyc. 1271–1273), it can hardly be claimed, I think, that any presumption of payment of his individual debt arises from the giving by defendant's decedent of checks of an estate of which he was a trustee.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes